RICHARD TOLLES, Cal. Bar No. 78948
LAW OFFICE OF RICHARD TOLLES
600 West Broadway, Suite 500
San Diego, California 92101
Telephone: (619) 373-0020
Mobile: (619) 508-3458
Email: Tolleslaw@outlook.com

TIMOTHY P. GARREN, D.C. Bar No. 475190, S.C. Bar No. 2357
Appearing *Pro Hac Vice*
Law Offices of Timothy Garren
6430 Hitt Avenue
McLean, VA 22101
Telephone: (703) 789-6133
Email: tbgarren@hotmail.com

Attorneys for Defendant Valerie Baird, an individual

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CRUZ VELAZQUEZ ACEVEDO, by and through its representative, MARCELINO VELAZQUEZ PEREZ, and MARCELINO VELAZQUEZ PEREZ in his own right,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, ADRIAN PERALLON, VALERIE BAIRD, AND DOES 1-50, INCLUSIVE,<br><br>Defendants. | CASE NO. 14-CV-2527 GPC (BLM)<br><br>**ANSWER TO THE SECOND AMENDED COMPLAINT FOR DEFENDANT VALERIE BAIRD** |

Defendant Valerie Baird, through her attorneys, hereby answers the Second Amended Complaint in this action as follows:

### FIRST DEFENSE

The Plaintiffs' proposed *Bivens* claims asserted against Defendant Baird in the First and Second Cause of Action are barred under the Special Factors doctrine because those claims arose directly from a criminal enterprise conducted by the Plaintiffs' decedent, Cruz Velazquez Acevedo ("Cruz"), aimed at smuggling illegal drugs into the United States from Mexico, and are brought on behalf of non-citizens of the United States with minimal socio-economic interest in or involvement with this nation.

### SECOND DEFENSE

Defendant Baird is entitled to qualified immunity on the Plaintiffs' proposed *Bivens* claims asserted against her in the First and Second Cause of Action because her actions in all respects relevant to those claims constituted a reasonable exercise of law enforcement authority and did not violate any clearly established constitutional right of the Plaintiffs or Cruz.

### THIRD DEFENSE

Defendant Baird is entitled to qualified immunity on the Plaintiffs' proposed *Bivens* claims asserted against her in the First and Second Cause of Action because she violated no clearly established constitutionally based duty that she owed to Cruz, who prior to being taken into custody and in an intentional and reckless attempt to avoid detection of his criminal enterprise, knowingly and voluntarily ingested the illegal drugs that allegedly caused his death, and Defendant Baird responded reasonably in all respects in attempting to protect Cruz from his self-inflicted injury.

### FOURTH DEFENSE

Defendant Baird is entitled to qualified immunity on the Plaintiffs' proposed *Bivens* claims asserted against her in the First and Second Cause of Action because the

Plaintiffs and Cruz were not citizens or residents of the United States and they did not have sufficient socio-economic interest in or involvement with this nation to acquire clearly established rights under the Constitution of the United States.

### FIFTH DEFENSE

The Plaintiffs' proposed *Bivens* claims asserted against Defendant Baird in the First and Second Cause of Action are barred on assumption of the risk grounds because Cruz, in an intentional and reckless attempt to avoid detection of his criminal enterprise, knowingly and voluntarily ingested the illegal drugs that allegedly caused his death, and Defendant Baird responded reasonably in all respects in attempting to protect Cruz from his self-inflicted injury.

### SIXTH DEFENSE

Defendant Baird is entitled to qualified immunity on the Plaintiffs' proposed *Bivens* claim asserted against her in the Second Cause of Action because Defendant Baird did not act to cause harm unrelated to legitimate law enforcement objectives as required to state a clearly established First or Fifth Amendment association claim, but instead Defendant Baird sought only to perform her official duties by conducting a routine and appropriate border screening of Cruz as he sought to enter the United States from Mexico.

### SEVENTH DEFENSE

Defendant Baird is entitled to qualified immunity on the Plaintiffs' proposed *Bivens* claim asserted against her in the Second Cause of Action because Defendant Baird did not act with the intent or purpose of interfering with or otherwise infringing the familial rights of Cruz or his family members, as required to state a clearly established First or Fifth Amendment association claim, but instead Defendant Baird sought only to perform her official duties by conducting a routine and appropriate border screening of Cruz as he sought to enter the United States from Mexico.

### EIGHTH DEFENSE

Defendant Baird is entitled to qualified immunity on the Plaintiffs' proposed *Bivens* claim for violation of the right of association asserted against her in the Second Cause of Action because a constitutionally based loss of consortium claim by a parent for the death of a child is not clearly established in the law.

### NINTH DEFENSE

The claims asserted against Defendant Baird in the Fifth, Sixth, Seventh and Eighth Causes of Action for wrongful death, assault, battery, negligence and intentional infliction of emotional distress are barred by The Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub. L. No. 100-694, 102 Stat. 4563 (codified in part at 28 U.S.C. §§ 2671, 2674, 2679), because all those claims arise under state law and lack any separate legal foundation under federal constitutional or federal statutory law. Accordingly, the United States has moved, or properly will move, to substitute itself as the sole defendant on those claims.

### TENTH DEFENSE

Defendant Baird answers the numbered paragraphs of the Second Amended Complaint as follows:

1. Admitted that this Court has jurisdiction over the claim asserted against defendant Baird in the First and Second Causes of Action. Baird affirmatively alleges that the claims asserted against her in the Fifth, Sixth, Seventh and Eighth Causes of Action are barred for lack of subject matter jurisdiction under The Federal Employees Liability Reform and Tort Compensation Act of 1988. The United States has properly moved, or will properly move, to substitute itself as the sole defendant on those claims.
2. Denied based on a lack of knowledge or information.
3. Admitted that venue is proper in the Southern District of California.
4. Admitted.

5. Admitted that Defendants Baird and Perallon were employed by the Department of Homeland Security and were acting within the scope of that employment at all relevant times; the remainder of this paragraph is denied for lack of knowledge or information.
6. Denied for lack of knowledge or information.
7. Denied.
8. This paragraph contains no statement of fact or law requiring a response.
9. Denied for lack of knowledge or information.
10. Admitted.
11. Denied for lack of knowledge or information.
12. Denied for lack of knowledge or information.
13. Denied for lack of knowledge or information.
14. Denied for lack of knowledge or information.
15. Admitted.
16. This paragraph is admitted except as to the age of Cruz and as to the exact time that Cruz arrived at the pedestrian primary lane, which is denied for lack of knowledge or information.
17. Denied for lack of knowledge or information.
18. Denied for lack of knowledge or information.
19. Denied for lack of knowledge or information.
20. Admitted that Cruz had a bag containing two bottles mostly filled with liquid; the remainder of this paragraph is denied for lack of knowledge or information.
21. Denied for lack of knowledge or information.
22. Denied for lack of knowledge or information.
23. Denied for lack of knowledge or information.
24. Denied for lack of knowledge or information.

25. Denied for lack of knowledge or information.

26. Admitted that CBP Officer Wasmund referred Cruz to the pedestrian soft secondary for further inspection; the remainder of this paragraph is denied for lack of knowledge or information.

27. Admitted.

28. Admitted that Defendant Baird was generally aware that drug traffickers had on prior occasions been apprehended attempting to smuggle methamphetamine into the United States in liquid form and that ingestion of methamphetamine presents health risks and can be lethal at dose levels unknown to her; Defendant Baird denies any specific knowledge or training regarding concentration levels of methamphetamine in liquid form or potentially dangerous or lethal dose levels; the remainder of this paragraph is denied for lack of knowledge or information.

29. Admitted.

30. Admitted that Defendant Baird understood Defendant Perallon to be a fluent Spanish speaker and that she relied on him to translate during much of her attempted communication with Cruz; admitted that Defendant Baird asked for and opened a duffle bag carried by Cruz and discovered, among other things, clothing and two bottles inside; the remainder of the paragraph is denied for lack of knowledge or information.

31. Admitted that Defendant Baird understood at the time that Defendant Perallon inquired in Spanish as to the contents of the bottles and that Cruz answered in Spanish that the bottles contained apple juice; the remainder of this paragraph is denied for lack of knowledge or information.

32. Admitted that Defendant Perallon proposed to ask Cruz, in substance, if he was willing to drink from the bottles; admitted that Defendant Perallon

indicated to Defendant Baird, in substance, that he had made similar requests of others in conducting inspections.

33. Denied that Defendant Baird "told" Cruz to drink from the bottles or that she understood at any point Defendant Perallon to tell, order, instruct, urge or encourage Cruz to drink; admitted that Defendant Baird understood that Defendant Perallon communicated a request to Cruz in Spanish as to whether he would voluntarily drink from the bottles and that Cruz immediately expressed in Spanish his willingness to freely drink from the bottles; admitted that Cruz then appeared to take a sip from the larger of the two bottles without expressing or displaying any hesitancy or reluctance to drink.

34. Denied that Defendant Perallon then "told" Cruz to take another drink from the bottles; admitted that Cruz appeared to drink again from the larger of the two bottle without hesitation or reluctance.

35. Admitted that approximately two and half minutes later, Cruz appeared to drink twice more from the larger of the two bottles; denied that Defendant Baird heard or observed Defendant Perallon ask Cruz to drink, that Defendant Baird joined in or concurred with a request by Defendant Perallon to Cruz to drink, or that Defendant Baird was even aware that Defendant Perallon intended to ask Cruz to drink again from the bottles.

36. Admitted that Cruz appeared to drink twice more from the larger of the two bottles without any reluctance or hesitancy, taking the fourth drink on his own initiative in an apparent effort to display his complete willingness to freely drink.

37. Admitted.

38. Admitted that Cruz began to sweat and that he repeatedly wiped his face and brow.

39. Admitted.
40. Admitted that Cruz was escorted to the security office by Defendant Perallon; admitted that Cruz appeared at times in the security office to be agitated and to have difficulty standing still; the remainder of the paragraph is denied for lack of knowledge or information.
41. Admitted that Defendant Baird was told by another officer in the security office that Cruz stated in Spanish, in substance, that there were "chemicals" in the bottles.
42. Admitted that at times in the security office Cruz appeared to be in distress and pain and that his breathing was rapid and he was sweating; the remainder of the paragraph is denied for lack of knowledge or information.
43. Denied for lack of knowledge or information.
44. Admitted that officials summoned medical care; the remainder of the paragraph is denied for a lack of knowledge or information.
45. Admitted.
46. Denied for a lack of knowledge or information.
47. Admitted that Defendant Baird understood Defendant Perallon to state several times that he intended to prepare an official report on the incident.
48. Admitted that Officer Signorello drove Defendant Baird to the hospital where Cruz was taken; the remainder of the paragraph is denied.
49. Admitted that Cruz died at the hospital soon after he arrived there; the remainder of the paragraph is denied for lack of knowledge or information.
50. Denied for lack of knowledge or information.
51. Denied for lack of knowledge or information.
52. Denied for lack of knowledge or information.
53. Denied for lack of knowledge or information.

54. Denied that Defendant Baird "challenged" Cruz to take a drink or that she was aware of Defendant Perallon ever presenting such a challenge to Cruz; denied that Defendant Perallon lied if he told investigators that Cruz "volunteered" to drink; the remainder of the paragraph is denied for lack of knowledge or information.
55. This paragraph contains no allegation of fact or law requiring a response.
56. Denied.
57. Denied.
58. Denied.
59. Denied.
60. Denied.
61. Denied.
62. Denied.
63. Denied.
64. Denied.
65. No response is required from Defendant Baird as to the Second Cause of Action because she has properly moved to dismiss that claim; to the extent that a response is required, Defendant Baird answers as follows:
66. Denied.
67. Denied.
68. Denied.
69. No response is required from Defendant Baird as to the Third Cause of Action because that claim is not asserted against her; to the extent that a response is required, Defendant Baird answers as follows:
70. Denied for lack of knowledge or information.
71. Denied for lack of knowledge or information.
72. Denied for lack of knowledge or information.

73. Denied for lack of knowledge or information.
74. Denied for lack of knowledge or information.
75. Denied for lack of knowledge or information.
76. Denied for lack of knowledge or information.
77. Denied.
78. Denied.
79. No response is required from Defendant Baird as to the Fourth Cause of Action because that claim is not asserted against her; to the extent that a response is required, Defendant Baird answers as follows:
80. Denied for lack of knowledge or information.
81. Denied for lack of knowledge or information.
82. Denied for lack of knowledge or information.
83. Denied for lack of knowledge or information.
84. Denied for lack of knowledge or information.
85. Denied for lack of knowledge or information.
86. Denied.
87. Denied.
88. No response is required from Defendant Baird as to the Fifth Cause of Action because the United States has properly moved to substitute itself, or will properly move to substitute itself, on that claim pursuant to the provisions of the Federal Employees Liability Reform and Tort Compensation Act of 1988; to the extent that a response is required, Defendant Baird answers as follows:
89. Denied.
90. Denied.
91. Denied for lack of knowledge or information.
92. Denied.

93. No response is required from Defendant Baird as to the Sixth Cause of Action because the United States has properly moved to substitute itself, or will properly move to substitute itself, on that claim pursuant to the provisions of the Federal Employees Liability Reform and Tort Compensation Act of 1988; to the extent that a response is required, Defendant Baird answers as follows:

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. No response is required from Defendant Baird as to the Seventh Cause of Action because the United States has properly moved to substitute itself, or will properly move to substitute itself, on that claim pursuant to the provisions of the Federal Employees Liability Reform and Tort Compensation Act of 1988; to the extent that a response is required, Defendant Baird answers as follows:

99. This paragraph contains a conclusion of law to which no response is required.

100. This paragraph contains a conclusion of law to which no response is required.

101. Denied.

102. Denied.

103. No response is required from Defendant Baird as to the Eighth Cause of Action because the United States has properly moved to substitute itself, or will properly move to substitute itself, on that claim pursuant to the provisions of the Federal Employees Liability Reform and Tort

Compensation Act of 1988; to the extent that a response is required, defendant Baird answers as follows:

104. Denied.

105. Denied.

106. Denied.

Defendant Baird hereby denies all allegations not otherwise answered.

WHEREFORE, having fully answered, Defendant Baird prays that this action be dismissed with prejudice; that the costs and expenses of defending this action be awarded to defendant Baird; and that the Court grant such other and further relief as may be appropriate.

Respectfully submitted,

Dated: December 14, 2015.

s/ *Richard Tolles*
LAW OFFICE OF RICHARD TOLLES

Timothy P. Garren
LAW OFFICE OF TIMOTHY P. GARREN

Attorneys *for Individual Defendant* Valerie Baird